**UNITED STATES of America,**
**Plaintiff–Appellee**

v.

**Jerald Guy RAY, Defendant–Appellant.**

**No. 08–40093**
**Conference Calendar.**

United States Court of Appeals,
Fifth Circuit.

June 30, 2009.

Ernest Gonzalez, U.S. Attorney's Office Eastern District of Texas, Plano, TX, for Plaintiff–Appellee.

Randall Harrison Nunn, Mineral Wells, TX, for Defendant–Appellant.

Before SMITH, BENAVIDES, and HAYNES, Circuit Judges.

PER CURIAM: *

The attorney appointed to represent Jerald Guy Ray has moved for leave to withdraw and has filed a brief in accordance with *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967). Ray has filed a response and has also filed a motion for appointment of counsel. The record is insufficiently developed to allow consideration at this time of Ray's claim of ineffective assistance of counsel; such claims generally "cannot be resolved on direct appeal when [they have] not been

---

raised before the district court since no opportunity existed to develop the record on the merits of the allegations." *United States v. Cantwell,* 470 F.3d 1087, 1091 (5th Cir.2006) (internal quotation marks and citation omitted).

So, too, is Ray's claim of mental incapacity. Although the district court record suggests Ray may have suffered from Post–Traumatic Stress Disorder (PTSD), the record does not contain evidence that the PTSD rendered Ray "unable to understand the nature and consequences of the proceedings." 18 U.S.C. § 4241(d). The current record does not support an appellate argument that the district court failed to comply with its duty to ascertain Ray's competence to understand rationally the proceedings. *United States v. Sparks,* 2 F.3d 574, 584 (5th Cir.1993).

Our independent review of the record, counsel's brief, and Ray's response discloses no nonfrivolous issue for appeal. Accordingly, the motion for leave to withdraw is GRANTED, counsel is excused from further responsibilities herein, and the APPEAL IS DISMISSED. *See* 5TH CIR. R. 42.2. Ray's motion for appointment of counsel is DENIED.

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.